ENTER.

**Bennie L. EARVIN, Plaintiff,**

v.

**MISSISSIPPI EMPLOYMENT SECURITY COMMISSION; James Dawson, Individually and in his Official Capacity as Metropolitan Manager of the MESC, Meridian Center Office: John Windham, Individually and as Area Supervisor, MESC, Area IV; Mary Lawrence Gervin, Director, Mississippi State Personnel Board, Defendants.**

Civ. A. No. E83–0010(L).

United States District Court, S.D. Mississippi, E.D.

July 30, 1985.

---

Lynda Carol Robinson, Jackson, Miss., for plaintiff.

Fred J. Lotterhos, Jackson, Miss., for defendants.

## MEMORANDUM OPINION

TOM S. LEE, District Judge.

This cause came before the court for trial and the court heard testimony from witnesses and reviewed exhibits admitted into evidence. The plaintiff, Bennie Earvin, initiated this action pursuant to 42 U.S.C. §§ 2000e–5(f) and (g), 1981 and 1983, alleging that the defendants, James Dawson, John Windham and the Mississippi Employment Security Commission (MESC), had failed to promote him because of his race, had utilized promotion procedures which had a disparate impact on blacks and had retaliated against him for filing a charge of discrimination with the Equal Employment Opportunity Commission.

In *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) and *Texas Department of Community Affairs v. Burdine,* 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981), the United States Supreme Court set out the burdens of proof to be sustained by each party in a Title VII action. The plaintiff has the burden of establishing a prima facie case which involves

> (i) that he belongs to a racial minority; (ii) that he applied and was qualified for a job for which the employer was seeking applicants; (iii) that, despite his qualifications, he was rejected; and (iv) that, after his rejection, the position remained open and the employer continued to seek applicants from persons of complainant's qualifications.

*McDonnell Douglas,* 411 U.S. at 802, 93 S.Ct. at 1824. The defendant then has the burden of articulating "some legitimate, non-discriminatory reason" for the allegedly discriminatory action. *Id.* If the defendant is successful in satisfying the burden of production, the burden shifts to the plaintiff who must then establish that the reasons set out by the defendant are mere pretext. *Id.* at 804, 93 S.Ct. at 1825. In *Jackson v. City of Killeen,* 654 F.2d 1181 (5th Cir.1981), the Fifth Circuit held that when sections 1981 and 1983 are used as companion causes of action to a Title VII claim, as they are here, the Title VII burdens of proof apply.

The defendant MESC is an official agency of the State of Mississippi which coordinates and supervises various state and federal employment services and is an employer within the scope of Title VII of the Civil Rights Act of 1964. Defendants Windham and Dawson were, until their retirement, employees of the MESC serving as Area Supervisor of MESC, Area IV and Metropolitan Manager of MESC, Area IV, respectively, at the time of the alleged discrimination.

The promotion procedure to be followed by the MESC is established by the Mississippi State Personnel Board (MSPB).[1] All employees of the state are allowed and encouraged[2] to take examinations and thereby, upon passing the test, be listed on the state register and eligible for promotion. When a local office has a vacancy, the state director of MESC requests from MSPB a certificate of eligibles, which is a list of the top ten scorers[3] on the examination, relevant to the vacant position. The MSPB verifies the vacancy and forwards the certificate of eligibles to the local office which then recommends one of the persons listed on the certificate to the state MESC Director.[4] The local office may request a supplemental certificate if the position cannot be filled from the original.[5]

Plaintiff challenges five promotions in the Meridian office. In 1980, Bob Barnett and Ben Harper were appointed to the position of Supervising Interviewer[6] and, in 1979, Harold Wright was appointed to the position of Manager II. Plaintiff was an Employment Counsellor III at this time and charges that he had a higher score than either Harper or Barnett. He testified that he was on the certificate of eligibles for the Manager II position with a score only 5 points lower than that of Wright. Harper, Barnett and Wright, however, were not actually promoted to the higher positions; rather, the positions which they previously held were upgraded statewide.[7] The situation was not one in which the office sought a certificate of eligibles in order to fill an actual vacancy. The office apparently obtained the certificates to establish that the men were qualified for the positions by reason of being on the certificates. After the changes, Harper, Barnett and Wright each continued to have their same work responsibilities with only a change in title. Therefore, defendants have effectively set forth a "legitimate, non-discriminatory reason" which was not shown by the plaintiff to be mere pretext.

Plaintiff also argues that he, instead of William D. Newell, should have received a promotion to Manager I in April 1980. Plaintiff testified at trial that he had been performing the duties of that position during the time it was vacant since December 1979.[8] Plaintiff, however, was not eli-

1. Reference to the Mississippi State Personnel Board will hereafter refer to that entity as well as its predecessor, the Mississippi Classification Commission. MSPB is not a defendant in this action and, accordingly, the court does not entertain challenges to that agency's promotional practices. The court, therefore, considers only the actions of MESC which are not attributable to compliance with MSPB procedures.

2. Apparently, MESC's affirmative action program includes encouragement of blacks to take examinations with no special consideration given to minorities in actual hiring decisions.

3. When additional persons have the same score as the tenth person on the certificate, their names are added.

4. MSPB regulations indicate that all persons whose names appear on the certificate should be polled, or contacted concerning their availability. Testimony at trial, however, indicated that this was not the usual course of conduct and, in fact, was useless when the local office had already received a positive response from the person listed on the certificate whom it considered to be the most qualified.

5. At trial, Windham testified that a supplemental certificate was requested for promotion to the position of Employment Counselor III when Helen Fuller, a Meridian office employee, informed him that she should have been on the certificate and was not. The supplemental certificate then was actually a corrected certificate.

6. According to Windham, the position of Supervising Interviewer entails different responsibilities, generally of either an administrative or technical nature, depending on the circumstances in a particular office.

7. Defendants produced no documentation to establish that these positions were actually upgraded statewide; Windham, however, testified that all employees in his area in these positions were upgraded.

8. Plaintiff argues that he was already doing the job and, therefore, should have received the promotion, just like Barnett, Harper and Wright, who were given new appointments for work they were then doing. At trial, Dawson, whose testimony the court credits, stated that, during the time that the managerial position was vacant, plaintiff did perform some of the

gible for the promotion because his name was not on the certificate of eligibles. The scores on the certificate ranged from that of Newell at 97 to a low score of 90; plaintiff had scored 82.[9] Again, plaintiff has failed to establish that the defendants' articulated reason is mere pretext. The same is true of the promotion in February 1979 given to Ken Swager. Plaintiff was not on the certificate of eligibles and was, therefore, not eligible for the promotion. Accordingly, this court is of the opinion that plaintiff has failed to satisfy his burden in regard to his claims regarding defendants' failure to promote.

■ Following his initial EEOC charge, plaintiff filed another,[10] stating that he was the subject of retaliation which allegedly included downgrading of his evaluation,[11] decrease of his work responsibilities and rerouting of his phone calls.[12] Windham and Dawson, as well as other employees of the Meridian office, denied that they knew of or participated in any action in retaliation against plaintiff. Plaintiff's employment file, which was admitted into evidence, contained no indication that plaintiff's job description was changed in any way soon after the filing of the initial charge. Plaintiff testified that during this time he had temporarily assumed the responsibilities of a vacant management position in his office. This court is of the opinion that any change in plaintiff's work was the result of filling the vacant position and not retaliation. Accordingly, plaintiff's retaliation claim must also fail for reason of failing to satisfy his burden of proof.

■ Plaintiff also alleges that MESC's promotion practices have a discriminatory impact on blacks.[13] According to the plaintiff, blacks are channeled into the Employment Counselor positions and persons in these positions are never further promoted to management jobs such as Supervising Interviewer or Manager. Royal Gober, Employment Services Director, testified, however, that approximately one-half of the Supervising Interviewers in the state are black and one-third of the Manager I's in the state are black. Additionally, employees such as Newell have been promoted from the Employment Counselor position to that of Manager. Since 1980, plaintiff has been considered for promotions to the positions of Employment Superviser I and II; he refused because he was unwilling to move to Jackson to accept the jobs. The plaintiff further argues that blacks are placed in federally funded program positions which, according to the plaintiff, are less secure than employment services positions. Royal Gober testified that all jobs with MESC, both employment services posi-

duties of the position but only subject to the supervision and direction of Dawson. Assuming that plaintiff was doing the job, the two sets of situations are distinguishable in that Newell filled a vacancy whereas Harper, Barnett and Wright benefited from statewide upgrading of their positions.

9. Plaintiff argued that the agency was free to request supplemental certificates containing lower scores so that it could, in effect, hire anyone it chose. It was not established that the agency could in fact request supplemental certificates unless the promotion was rejected by all those listed on the original. *See supra* note 5.

10. Plaintiff filed a third charge on April 25, 1983 which stated that Kenneth Swager had been promoted to the position of Manager of the Career Development Unit on October 18, 1982, in retaliation against plaintiff for filing his previous charges. Defendants object to consideration of this charge, contending that it is not timely filed. The plaintiff did not present any evidence of this incident other than the charge and did not meet his burden on this issue.

11. Plaintiff was graded as a satisfactory employee. Newell, who contributed to the evaluation, has never rated any employee as outstanding.

12. Plaintiff's allegation that the hiring of Sam Neal, a black, as Manager III in May 1985 was retaliation against plaintiff for filing charges of discrimination is without merit. Plaintiff has set forth no evidence showing that he was qualified for the position or that he was on the certificate of eligibles and defendants certainly are not required to hold the position open until plaintiff becomes qualified.

13. The court reserved ruling on defendants' objections to admission of testimony regarding past discrimination. The court overrules that objection because such evidence is probative of the disparate impact issue.

tions and program positions, are dependent on federal funding. The plaintiff, in 1980, was offered a position in the employment services program which he turned down because he saw it as a lateral transfer and not a promotion. Accordingly, the court finds no merit in plaintiff's claims of disparate impact.

It is, therefore, the opinion of this court that judgment should be entered in favor of the defendants on all claims. A separate judgment shall be entered according to the local rules.